UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DALEN PRODUCTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:07-CV-179 |
| ) | (VARLAN/GUYTON) |
| V. ) | |
| ) | |
| HARBOR FREIGHT TOOLS, USA, et al., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the order of the District Court [Doc. 63] referring Motion to Strike Expert Reports on Copyright and Preclude Pamela Cowart-Rickman and E. Neal Caldwell from Testifying as Experts on Copyright [Doc. 57] to this Court for disposition. The Court held a hearing to address the motion on June 18, 2010. Attorney Michael Bradford was present representing the Plaintiff, and Attorneys George Legg and Mark Rosenberg were present representing the Defendants. After the hearing the Court took the matter under advisement, and the motion is now ripe for adjudication.

**I. BACKGROUND**

This is an action for infringement of a copyright. Both parties produce plastic sculptures of owls that are often used to rid buildings or portions of property of the nuisance of wildlife by frightening the wildlife, such as birds and rodents. The Plaintiff is the sole owner of all copyrights in a three-dimensional sculpture entitled "Great Horned Owl," also known as "the Dalen Owl."

[Doc. 15 at ¶ 12]. The Plaintiff alleges that the Defendants have manufactured, reproduced, publicly displayed, sold, and distributed a product known as, "Harold Hoot." [Doc. 15 at ¶ 13]. The Plaintiff alleges that Harold Hoot is a copy and/or a derivative work of the Dalen Owl and that Harold Hoot incorporates substantial portions of the Dalen Owl.

The Defendant admits that the Plaintiff owns the copyright for the owl sculpture of the Dalen Owl, but denies that the owl sold by the Defendant, Harold Hoot, infringes on the Plaintiff's copyright of the Dalen Owl. [Doc. 17 at ¶ 13-18 and Doc. 68].

At the trial of this matter, the Plaintiff intends to present fact and opinion testimony from Pamela Cowart-Rickman ("Cowart-Rickman") and Neal Caldwell ("Caldwell"). Cowart-Rickman is the creator of the Dalen Owl. Caldwell is the Chairman of the Board of the Plaintiff. In summary, Cowart-Rickman and Caldwell intend to describe for the jury those details of the Dalen Owl which, in their view, make it unique, and then to identify with particularity those details of Harold Hoot which render it substantially similar to the Dalen Owl.

The present Motion [Doc. 57] seeks to bar opinion testimony from these two witnesses, arguing that whether the two owls are "substantially similar" is the ultimate issue for the jury to determine based on its viewing of each owl as a whole.

## II. APPLICABLE LAW: ADMISSIBILITY OF EXPERT TESTIMONY

The Defendant challenges the admissibility of opinion testimony from Cowart-Rickman and Caldwell under Rule 702 of the Federal Rules of Evidence and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. The trial judge must act as a gatekeeper, admitting only that expert testimony that is relevant and reliable. Daubert, 509 U.S. at 589. With regard to scientific knowledge, the trial court must initially determine whether the reasoning or methodology used is scientifically valid and is properly applied to the facts at issue in the trial. Id. To aid the trial court in this gatekeeping role, the Supreme Court has listed several key considerations: (1) whether the scientific knowledge can or has been tested; (2) whether the given theory or technique has been published or been the subject of peer review; (3) whether a known error rate exists; and (4) whether the theory enjoys general acceptance in the particular field. Id. at 592-94. The Court's focus "must be solely on principles and methodology, not on the conclusions that they generate." Id. at 595. "[T]he test under Daubert is not the correctness of the expert's conclusions but the soundness of his methodology." Daubert v. Merrell Dow Pharmaceuticals, Inc., 43 F.3d 1311 (9th Cir. 1995).

Although Daubert centered around the admissibility of scientific expert opinions, the trial court's gatekeeping function applies to all expert testimony, including that based upon specialized or technical, as opposed to scientific, knowledge. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147-48 (1999); Berry v. City of Detroit, 25 F.3d 1342, 1350 (6th Cir. 1994). The trial court's objective "is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes

the practice of an expert in the relevant field." Kumho Tire, 526 U.S. at 152. The trial judge enjoys broad discretion in determining whether the factors listed in Daubert reasonably measure reliability in a given case. Id. at 153. The party proffering the expert testimony bears the burden of showing its admissibility under Rule 702 by a preponderance of the evidence. Daubert, 509 U.S. at 592 n. 10.

The Plaintiff asserts that Cowart-Rickman and Caldwell are qualified to opine under Rule 702. The Plaintiff also relies on the non-expert opinion rule found in Federal Rule of Evidence 701:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701.

With this framework in mind, the Court will now address the instant motion.

### III. PAMELA COWART-RICKMAN

Cowart-Rickman is a professional designer and sculptor. She has work experience in the veterinary field, and she has been a licensed rehabilitation of raptors, including owls. Cowart-Rickman is the original designer and sculptor of the Dalen Owl. She intends to testify as to the process of creating the Dalen Owl, and then detail what she perceives to be the similarities between the Dalen Owl and Harold Hoot. [Doc. 58-1]. A copy of this report is attached hereto as Exhibit 1 to this Memorandum and Order.

Defendant objects to Cowart-Rickman giving an expert opinion: (1) as to whether Harold Hoot "constitutes copyright infringement;" (2) as to whether "Harold Hoot has been derived directly from the Dalen Owl, most likely using some sort of laser scanning and modeling technology, or direct process;" and (3) as to the ultimate issue of infringement. Defendant argues that Cowart-Rickman is unqualified to give such opinions, and further, that she is too biased to offer opinion testimony.

Defendant also argues that under applicable case law, opinion testimony is inappropriate in a copyright infringement case where the subject matter (here, the two owls) is not "complex or technical, such as a computer program," citing Stromback v. New Line Cinema, 384 F.3d 283, 295 (6th Cir. 2004).

The Court, however, concludes that the Defendant reads Stromback too narrowly. The Stromback court stated as follows:

> Whether expert testimony should be allowed in a particular case remains a matter committed to the discretion of the trial court under Federal Rule of Evidence 702 if such testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue." However, where, as here, the subject matter is not complex or technical. . . expert testimony will seldom be *necessary* to determine substantial similarity.

384 F.3d at 295 (emphasis in original).

Case law, therefore, does not bar expert opinion testimony in the present case. Rather, it remains for the Court to determine whether the preferred opinion testimony will assist the jury.

In the present case, the Court finds that certain opinion testimony by Cowart-Rickman will assist the trier of fact in understanding the evidence and determining the facts in issue. As the

5

designer and creator of the Dalen Owl, she is in a unique position to do so. Defendant may attack her bias on cross-examination.

However, the Defendant's objections to Cowart-Rickman's opinions as to copyright infringement and possible methods of copying are well-taken. Some parts of her report must be excluded. The Court attaches hereto as Exhibit 2 to this Memorandum and Order a copy of her report with the excluded portions redacted.

## IV.   E. NEAL CALDWELL

Caldwell is the Chairman of Dalen Products, Inc., the owner of the Dalen Owl copyright. He intends to testify as to the creation, production and sale of the Dalen Owl, and as to why the Plaintiff perceives the Harold Hoot to be substantially similar to the Dalen Owl. His testimony is summarized in a report. [Doc. 58-2]. A copy of this report is attached hereto as Exhibit 3 to this Memorandum And Order.

Defendant objects to Caldwell giving opinion testimony, on generally the same legal and factual grounds as were asserted against Cowart-Rickman.

The Court, however, finds that certain opinion testimony by Caldwell will assist the trier of fact in understanding the evidence and determining the facts in issue. Moreover, as an owner and Chairman of the Plaintiff he is entitled to testify as to the reasons why the Plaintiff brought this lawsuit, including his perception as to the details of the alleged substantial similarity between the Dalen Owl and Harold Hoot.

However, the Defendant's objections to parts of Caldwell's report are well-taken. Some parts of his report must be excluded. The Court attaches hereto as Exhibit 4 to this Memorandum And Order a copy of his report with the excluded portions redacted.

## V. CONCLUSION

For the foregoing reasons, and consistent with this opinion, the Defendant's Motion To Strike Expert Reports On Copyright And To Preclude Pamela Cowart-Rickman and E. Neal Caldwell From Testifying As Experts On Copyright **[Doc. 57]** is **DENIED in part and GRANTED in part**.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge